IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAVID ASHTON**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, a foreign corporation,<br><br>Defendant. | Case No. 3:23-cv-01500-IM<br><br>**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |

Timothy I. Crawley, Crawley LLP, P.O. Box. 8931, Portland, OR 97207. Attorney for Plaintiff.

Jeremy C. Rice, Parks Bauer LLP, 570 Liberty St SE, Suite 200, Salem, OR 97301. Attorney for Defendant.

**IMMERGUT, District Judge.**

Before this Court is Plaintiff David Ashton's Motion to Remand to State Court, ECF 7. In Plaintiff's view, this Court must remand this case because both he and Defendant State Farm (his insurance company) are citizens of Oregon.* *Id.* at 2. But Plaintiff does not allege that Defendant

---

* Plaintiff did not file a Reply Brief.

PAGE 1 – OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

is an Oregon citizen through a principal place of business. He instead contends that when an insurance company is sued by someone it insures, 28 U.S.C. § 1332(c)(1) mandates that the company have the same citizenship as the insured for the purposes of jurisdiction. *Id.* Because Defendant insures him, Plaintiff reasons, Defendant must be deemed an Oregon citizen. *Id.*

Plaintiff misunderstands § 1332, and his Motion must be denied. Section 1332(c)(1) says: "a corporation shall be deemed to be a citizen of every State . . . where it has its principal place of business, except that in any <u>direct action</u> against the insurer of a policy . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State . . . of which the insured is a citizen." (emphasis added). For a suit to be a "direct action," "the cause of action urged against the insurance company [must be] of such a nature that the liability sought to be imposed [against the insurer] could be imposed against the insured." *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 902 (9th Cir. 1982) (citation omitted). Accordingly, "a suit by an insured against an insurer . . . is not a 'direct action.'" *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993) (citations omitted).

That rule resolves this Motion. Because Defendant is Plaintiff's insurer, Plaintiff's suit is not a "direct action" under § 1332(c)(1). So Defendant remains a citizen of its uncontested principal place of business, Illinois. *See* Defendant's Response, ECF 8 at 3 n.1. This Court therefore has diversity jurisdiction over this matter. *See* 28 U.S.C. § 1332(a).

For these reasons, Plaintiff's Motion to Remand to State Court, ECF 7, is DENIED.

**IT IS SO ORDERED.**

DATED this 15th day of November, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 2 – OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND